O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRC & ASSOCIATES,<br><br>　　　　　Plaintiff,<br>　　v.<br>NUSCIENCE CORPORATION;<br>LUMINA HEALTH PRODUCTS, INC.,<br>and DOES 1-20, inclusive<br><br>　　　　　Defendants. | Case No. 2:13-cv-6903-ODW(CWx)<br><br>**ORDER DENYING MOTIONS TO DISQUALIFY COUNSEL STEPHEN ABRAHAM [32, 34]** |

## I.　INTRODUCTION

Before the Court are two nearly identical Motions to Disqualify Plaintiff's Counsel from Defendants NuScience Corporation ("NuScience") and Lumina Health Products, Inc. ("Lumina"). (ECF Nos. 32, 34.) Plaintiff TRC & Associates ("TRC") is represented by Stephen Abraham. The instant Motions are predicated on three lawsuits involving NuScience, including the present one, in which Abraham has represented the adverse party. After considering all arguments in the moving papers and at the hearing held on November 12, 2013, the Court finds no grounds for Abraham's disqualification. Accordingly, the Court hereby **DENIES** both Motions to Disqualify Plaintiff's Counsel.

/ / /

## II.    FACTUAL BACKGROUND

The case before this Court was filed on September 18, 2013 and is based in fraud.  (ECF No. 1.)  According to the Complaint, TRC is a customer of Lumina and NuScience.  (Compl. ¶ 17.)  NuScience manufactures and sells a dietary supplement called CELLFOOD, while Lumina is the domestic distributor of NuScience products.  (Negrette Decl. ¶ 2; McDonald Decl. ¶ 2.)  TRC alleges that NuScience and Lumina misrepresented that the ingredients in CELLFOOD are safe for human consumption, when TRC in fact believes they are not.  (Compl. *passim*.)

**A.    Stephen Abraham and His Clients**

TRC's counsel of record in this case is Stephen Abraham.  Abraham has no record of discipline with the State Bar of California.  (State Bar No. 172054.)  At issue in these Motions is Abraham's concurrent representation of TRC and two other clients, Robert Henkel and David McKinney.  Robert Henkel and his brother were sued by NuScience in 2008 for misappropriation of trade secrets and unfair competition.  *NuScience Corp. v. Robert Henkel et. al.*, No. 08-cv-2661 (C.D. Cal. filed Apr. 23, 2008).  Abraham entered his first appearance on behalf of Robert Henkel in that case on May 9, 2012.  (Opp'n to NuScience Mot. 4:23 – 25.)  As for David McKinney, Abraham's representation apparently began in 2010.  McKinney is a former Vice President of Sales and Marketing at NuScience.  (McKinney Decl. ¶ 2.)  In 2010, NuScience sued McKinney in Los Angeles County Superior Court for violating a separation agreement and a variety of trade-secret related claims.  *NuScience Corp. v. David McKinney et. al.*, No. BC448331 (L.A. Super. Ct. filed Oct. 27, 2010).  The suit was premised on McKinney's alleged relationship with Robert Henkel, who was also named as a defendant in the case.[1]  *Id*.  TRC is the last client Abraham acquired and is an alleged customer of NuScience and Lumina.

/ / /

---

[1] Abraham apparently did not represent Robert Henkel at the time of the 2010 case involving McKinney.

**B.     The *Henkel* Case**

On April 23, 2008, NuScience filed suit in U.S. district court against Robert Henkel and his brother Michael ("Henkel Action"). The Henkel brothers defaulted and judgment against the Henkels was entered on April 14, 2009. (Saltz Decl. Ex. 4.) The judgment binds the Henkels and their attorneys from revealing NuScience's trade secrets and prohibits them from intentionally interfering with NuScience's business. (Saltz Decl. Ex. 4, at 7-10.) Since 2009, several motions have been filed seeking to enforce the judgment against the Henkels. On May 9, 2012, Abraham entered his first appearance on behalf of Robert Henkel in the case, seeking to set aside the judgment. In support of the present Motions, NuScience and Lumina also state that Abraham was held in contempt for violating the April 14, 2009 judgment. (NuScience Mot. 16 – 17; Lumina Mot. 5; Saltz Decl. Ex. 6.) However, for the sake of a clean factual record, this Court points out that the contempt order against Abraham was later vacated upon a motion for reconsideration, a fact that both NuScience and Lumina fail to mention. *NuScience Corp. v. Robert Henkel et. al.*, No. 08-cv-2661, ECF No. 70. The judgment in the Henkel Action is currently the subject of an appeal in the Ninth Circuit, and a similar Motion to Disqualify filed by NuScience is also pending in the Henkel Action. *Id.* at ECF Nos. 88, 165.

**C.     The McKinney Representation**

NuScience filed suit in Los Angeles County Superior Court against McKinney and Robert Henkel on October 27, 2010. (Case No. BC443331.) Abraham apparently represented only McKinney in that action. In the lawsuit, NuScience alleged that McKinney violated an employment separation agreement and revealed trade secrets. The lawsuit was apparently based on communications McKinney had with the Henkels and a declaration that McKinney submitted in the Henkel Action. (NuScience Mot. 5 – 6.) The case against McKinney was voluntarily dismissed by

/ / /

/ / /

1 NuScience a year later.[2] (NuScience Mot. 6:3 – 4.) Abraham continues to represent
2 McKinney. McKinney has submitted a declaration in opposition to the present
3 Motions and denies any wrongdoing with relation to the Henkel Action. He also
4 denies sharing NuScience's trade secrets with anyone outside of NuScience.
5 (McKinney Decl. ¶ 7.)

### III. LEGAL STANDARD

The district court has the "primary responsibility" of controlling the conduct of lawyers practicing before it. *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980). The court has the ability to disqualify an attorney "if their conduct actually interferes with the integrity of the court, or actually produces an appearance of impropriety." *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 658 F.2d 1355, 1361 (9th Cir. 1981). In determining matters of disqualification, the court applies state law, and the Central District has adopted the Rules of Professional Conduct of the State Bar of California. Local Rule 83-3; *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).

Several interests are implicated by a motion to disqualify counsel. These interests include a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden of replacing disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion. *People ex rel. Dept. of Corps. v. SpeeDee Oil Change Sys., Inc.*, 86 Cal. 4th 1135, 1144 – 45 (1999). Moreover, when a motion to disqualify is filed by opposing counsel, it should be given "particularly strict judicial scrutiny" because there is such a significant possibility of abuse for tactical advantage. *Optyl Eyewear Fashion Int'l Corp. v. Style Co., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985).

/ / /

/ / /

---

[2] NuScience alleges that the dismissal was a product of threats made by the Henkels to reveal the CELLFOOD formula. (NuScience Mot. 6:3-10.) However, the Court will not entertain these allegations, which have nothing to do with Abraham's representation of TRC.

## IV.  DISCUSSION

NuScience and Lumina argue that Abraham should be disqualified as TRC's attorney for essentially two reasons.  First, both contend that Abraham's filing of the Complaint and his contact via letter with Lumina, on behalf of his client TRC, are in violation of the judgment and other orders issued in the Henkel Action.  In addition, NuScience argues that Abraham's representation of David McKinney is a conflict of interest because McKinney has shared NuScience's confidential information with Abraham.  As discussed below, the Court finds these arguments unpersuasive.[3]

**A.    No Conflict Exists With the Henkel Action Requiring Disqualification**

With respect to the first contention that Abraham's representation of TRC is in direct violation of the April 14, 2009 default judgment in the Henkel Action, NuScience and Lumina rely on a broad interpretation of the judgment's language.  They argue that the judgment, the result of the Henkels' default three years before Abraham even entered an appearance in the case, bars Abraham from filing the present lawsuit on behalf of TRC.  (NuScience Mot. 14 – 18; Lumina Mot. 8 – 11.)  However, this Court rejects such a broad and potentially limitless interpretation of the Henkel Action judgment.

While the Henkel Action judgment states that it binds the Henkels as well as their attorneys, the purpose of the judgment was to prevent the Henkels from misappropriating the CELLFOOD formula and interfering with NuScience's business in bad faith.  *See NuScience Corp. v. Robert Henkel et. al.*, No. 08-cv-2661, ECF No. 31 (C.D. Cal. default judgment entered Apr. 14, 2009).  In the case before this Court, Abraham is not representing the Henkels.  Abraham's client is TRC.  TRC is

---

[3] The Court has reviewed the numerous evidentiary objections lodged by parties with respect to the instant Motions.  To the extent that the Court relies upon evidence to which one or more parties have objected, the Court **OVERRULES** those objections.  The Court finds that the evidence upon which the Court relies is either within the declarants' personal knowledge or based on nonhearsay under the Federal Rules of Evidence.  In addition, the Court has reviewed TRC's Request for Judicial Notice.  (ECF No. 42.)  The Court **DENIES as MOOT** the Request for Judicial Notice because the Court does not rely on any of the attached documents in rendering its decision.

1 not subject to the judgment in the Henkel Action and has every right to file suit
2 against NuScience. Accordingly, the Court fails to see how Abraham's actions, filing
3 the Complaint on behalf of TRC and sending a letter to Lumina on behalf of TRC,
4 could violate the Henkel Action judgment. The subject matter and purpose of TRC's
5 lawsuit, based in fraud, is entirely unrelated to the Henkel Action. Moreover, even if
6 the judgment applied to Abraham in this case, NuScience and Lumina's contentions
7 that the Complaint reveals trade secret information in violation of that judgment are
8 unconvincing. The Complaint's allegations regarding certain ingredients of the
9 CELLFOOD formula cite public documents and public statements made by current
10 NuScience employees. (*E.g.*, Compl. ¶ 62) If the ingredients named in the Complaint
11 are in the public domain, then they cannot be trade secrets. *See* 18 U.S.C. § 1839 (a
12 trade secret cannot be readily ascertainable through proper means by the public). For
13 these reasons, the Court finds no conflict between the judgment issued in the Henkel
14 Action and Abraham's representation of TRC in this case.

**B.     The McKinney Representation Does Not Require Disqualification**

NuScience also argues that Abraham should be disqualified because of his representation of McKinney. NuScience contends that McKinney has shared NuScience's confidential information with Abraham and that Abraham is using that information in this litigation. (NuScience Mot. 10 – 14.) McKinney allegedly obtained this confidential information while working for NuScience as Vice President of Sales and Marketing. (NuScience Mot. 7 – 8.) NuScience and Lumina then argue that Abraham's continued representation of both McKinney and TRC violates California Rules of Professional Conduct 3-100 (confidential information of a client) and 3-310 (avoiding the representation of adverse interests). However, NuScience and Lumina's arguments require this Court to stretch its imagination.

Typically, motions to disqualify based on Rules 3-100 and 3-310 are brought by former or current clients of the attorney. *See, e.g., Beltran v. Avon Prods., Inc.*, 867 F. Supp. 2d 1068, 1078-79 (C.D. Cal. 2012); *Visa U.S.A, Inc. v. First Data Corp., et. al.*,

241 F. Supp. 2d 1100, 1102-03 (N.D. Cal. 2003). Here, however, neither NuScience nor Lumina have ever been clients of Abraham. Instead, NuScience alleges it has standing to disqualify Abraham because a fiduciary relationship was created based on his representation of McKinney. (NuScience Mot. 11 – 12.) NuScience claims that McKinney obtained confidential information while working at NuScience, and sharing that information with Abraham then creates a fiduciary duty between Abraham and NuScience. *Packard Bell NEC, Inc. v. Aztech Sys. Ltd.*, No. 98-7395, 2001 WL 880957, at *8 – 9 (C.D. Cal. 2001). However, NuScience's reliance on *Packard Bell* to extend such a fiduciary duty is misplaced. In *Packard Bell*, the court did find a continuing fiduciary duty between a former employee and his employer that extended to the former employee's counsel and warranted disqualification. *Id*. at *8. However, unlike the present case, the former employee in *Packard Bell* participated in attorney-client privileged discussions while still employed regarding the case before that court, basically the former employee was switching sides in the case. *Id*. at *8 – 9. Here, there is no evidence that McKinney was part of attorney-client privileged discussions regarding the TRC action.[4] In fact, McKinney's employment at NuScience ended in 2008, a whole five years before this action was filed. (McKinney Decl. ¶ 2; Negrette Decl. ¶ 3.) Therefore, the Court declines to draw any comparison to *Packard Bell* and will not extend a fiduciary duty to Abraham and NuScience such that Abraham must be disqualified from this action. The proper party to raise any potential conflict of interest based on Abraham's concurrent representation of TRC and McKinney is McKinney, not NuScience or Lumina.[5]

/ / /

/ / /

---

[4] NuScience does allege that McKinney was involved in the Henkel Action while still employed at NuScience. (NuScience Mot. 12:14-23.) However, any involvement McKinney may or may not have had in the Henkel Action has no bearing on the Motions before this Court.

[5] It appears that McKinney has no qualms with the concurrent representation since he has submitted a declaration in support of TRC's opposition to these Motions. (ECF Nos. 38-3, 41-3.)

## V. CONCLUSION

For the reasons discussed above, the Court will not interfere with TRC's right to chosen counsel or Abraham's interest in representing his clients. *People ex rel. Dept. of Corps.*, 86 Cal. 4th at 1144 – 45. In addition, the Court finds no reason to issue monetary sanctions against Abraham as requested by NuScience and Lumina. Accordingly, Defendants' Motions are **DENIED**.

**IT IS SO ORDERED.**

November 14, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**