O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRC & ASSOCIATES,<br><br>    Plaintiff,<br>  v.<br><br>NUSCIENCE CORPORATION;<br>LUMINA HEALTH PRODUCTS, INC.,<br>and DOES 1-20, inclusive<br><br>    Defendants. | Case No. 2:13-cv-6903-ODW(CWx)<br><br>**ORDER DENYING MOTIONS TO DISMISS [28, 30]** |

## I.   INTRODUCTION

Plaintiff TRC & Associates ("TRC") filed this lawsuit against Defendants NuScience Corporation ("NuScience") and Lumina Health Products ("Lumina") based on sales to TRC of a dietary supplement known as CELLFOOD. TRC's Complaint asserts four claims, all of which are based on the alleged fraudulent conduct of both NuScience and Lumina. TRC claims that NuScience and Lumina have misrepresented CELLFOOD's ingredients as well as the product's safety and efficacy. Currently before the Court are two nearly identical Motions to Dismiss from NuScience and Lumina. (ECF Nos. 28, 30.) After considering all arguments in the moving papers and at the hearing held on November 12, 2013, the Court hereby **DENIES** both Motions to Dismiss.

/ / /

## II. FACTUAL BACKGROUND

TRC filed the Complaint on September 18, 2013, asserting the following four claims: (1) fraud; (2) violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (3) violation of California's False Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and (4) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*. The case arises out of the business relationship between TRC, NuScience, and Lumina. TRC is a retailer of nutritional supplements. (Compl. ¶ 17.) NuScience develops and manufactures a supplement known as CELLFOOD, and Lumina is the domestic distributor of the product. (*Id*. ¶¶ 26, 63.) TRC alleges that it purchased more than $700,000 of CELLFOOD from Lumina between January 2007 and September 2013. (*Id*. ¶ 106.) All of TRC's claims are based on alleged misrepresentations by NuScience and Lumina regarding CELLFOOD's ingredients, safety, and effects. Specifically, the Complaint alleges that NuScience and Lumina actively concealed a key ingredient in CELLFOOD that poses a "severe health hazard" and misrepresented compliance with federal regulations. (*Id*. ¶¶ 49–62.)

Despite its recent vintage, the parties have been particularly active in litigating this case. The Court has considered and denied numerous applications to file documents, motions, and even the entire Complaint under seal. (ECF Nos. 18, 21, 33, 60.) NuScience and Lumina also filed two Motions to Disqualify Plaintiff's Counsel, which the Court recently denied. (ECF No. 63.) NuScience and Lumina now separately move to dismiss the Complaint on several grounds. (ECF Nos. 32, 34.)

## III. LEGAL STANDARD

### A. Rule 12(b)(6)

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short

and plain statement—to survive a motion to dismiss under Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement." *Id.* The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

**B.  Fraud**

Fraud pleadings are subject to an elevated standard, requiring a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Particularity" means that fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–06 (9th Cir. 2003). Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the

misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Accordingly, when suing more than one defendant, a plaintiff cannot "merely lump multiple defendants together" but rather must differentiate the allegations and "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* at 764–65.

## IV. DISCUSSION

NuScience and Lumina move to dismiss TRC's claims on several grounds and join in each other's arguments. (NuScience Mot. 3:9–11; Lumina Mot. 2:7–11.) The Court addresses each argument in turn below.[1]

### A. The Complaint Does Not Violate the Court Order in the Henkel Action

NuScience and Lumina first argue that the Complaint should be dismissed because it directly violates a court order issued in *NuScience Corp. v. Robert Henkel, et al.*, No. 08-cv-2661 (C.D. Cal. filed Apr. 23, 2008) ("Henkel Action"). Specifically, NuScience points to the default judgment in the Henkel Action that purportedly binds not only the defendants but also their attorneys from discussing CELLFOOD's ingredients and from contacting NuScience customers.[2] (NuScience Mot. 13:8–22.) Since TRC's attorney, Stephen Abraham, is also the attorney of record for the defendants in the Henkel Action, NuScience claims that he is barred from participating in this case. (*Id.* at 13:23–26.) Therefore, according to NuScience, the Complaint should be dismissed since Abraham filed it in violation of the judgment in the Henkel Action. (*Id.*)

The Court notes that these arguments are nearly identical to the arguments made in support of NuScience and Lumina's Motions to Disqualify Plaintiff's

---

[1] The Court has reviewed the numerous evidentiary objections lodged by the parties with respect to the instant Motions. To the extent that the Court relies upon evidence to which one or more parties have objected, the Court **OVERRULES** those objections. The Court finds that the evidence upon which the Court relies is either within the declarants' personal knowledge or based on nonhearsay under the Federal Rules of Evidence.

[2] Additional background on the Henkel Action and its tenuous relationship to this case can be found in this Court's Order Denying Motions to Disqualify Counsel Stephen Abraham. (ECF No. 63.)

Counsel. (ECF Nos. 28, 30.) For the same reasons that the Court has rejected these arguments with respect to the Motions to Disqualify, the Court also rejects them here. The Court declines to broadly interpret the Henkel Action judgment in the manner that both NuScience and Lumina advocate. While the Henkel Action judgment states that it binds the defendants and their attorneys, the purpose of the judgment was to prevent the defendants in that case from misappropriating the CELLFOOD formula and interfering in NuScience's business in bad faith. *See NuScience Corp. v. Robert Henkel et al.*, No. 08-cv-2661, ECF No. 31 (C.D. Cal. default judgment entered Apr. 14, 2009). Here, the Court finds that nothing on the face of the Complaint stands in contradiction to the Henkel Action judgment. The judgment does not bar TRC from filing the Complaint against NuScience and Lumina. TRC was not a party to the Henkel Action. TRC is not subject to the judgment in the Henkel Action. The Henkel Action defendants are not parties in this case. Moreover, Abraham's involvement is on behalf of his client TRC, not the Henkel Action defendants.[3] Accordingly, the Court finds no merit in NuScience and Lumina's arguments that the Henkel Action judgment mandates dismissal of the Complaint.

**B.    TRC Has Standing to Pursue the Claims Against NuScience and Lumina**

NuScience and Lumina also raise numerous arguments regarding TRC's standing to bring its claims. They contend that TRC lacks Article III standing because the Complaint does not adequately allege injury-in-fact. (NuScience Mot. 22–25; Lumina Mot. 5–9.) In addition, both Motions use considerable space to argue that TRC's claims are barred by the Federal Food, Drug, and Cosmetic Act ("FDCA"). (NuScience Mot. 14–18; Lumina Mot. 9–11.) Also, according to Lumina, TRC's UCL and FAL claims must be dismissed against Lumina because they seek to apply California law extraterritorially. (Lumina Mot. 18–20.) For the reasons set forth below, the Court finds that TRC has adequately alleged standing in the Complaint.

---

[3] Arguments regarding TRC attorney Stephen Abraham's participation in this case are addressed in the Court's Order Denying Motions to Disqualify Stephen Abraham. (ECF No. 63.)

### 1. The Complaint Contains Sufficient Allegations of Injury in Fact

Both NuScience and Lumina argue that TRC lacks Article III standing to pursue its claims because TRC has failed to allege injury-in-fact. (NuScience Mot. 22–25; Lumina Mot. 5–9.) NuScience arguments are more general, while Lumina focuses almost entirely on the last purchase of CELLFOOD that TRC allegedly made in September 2013. Lumina introduces new facts in its Motion, declarations, and request for judicial notice to argue that TRC did not pay for the last order of CELLFOOD until after the Complaint was filed, thus attempting to buy standing for this case. (Lumina Mot. 8:8–21.) Lumina also argues that the voluntary payment doctrine bars TRC's suit because Lumina offered to accept the return of the September 2013 CELLFOOD order, which TRC refused, instead paying for the order and continuing this lawsuit. (Lumina Mot. 13.)

The difficulty with Lumina's argument is that it requires the Court to delve into the merits of the case prematurely, questioning the truthfulness of the Complaint's allegations. The Court simply cannot do that on a motion to dismiss. The Court must presume all factual allegations of the Complaint to be true and factual challenges "have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee*, 250 F.3d at 688; *Klarfeld v. United States*, 944 F.2d 583, 585 (9th Cir. 1991). Accordingly, the Court finds Lumina's arguments with respect to the payment, or non-payment, of the September 2013 order of CELLFOOD to be inappropriate at this stage of the litigation.[4]

Moreover, the Court finds that, regardless of whether or not the alleged September 2013 purchase of CELLFOOD was proper, TRC has sufficiently plead injury-in-fact to support Article III standing. TRC alleges it purchased more than

---

[4] The Court **DENIES** Lumina's Request for Judicial Notice with regard to the documents submitted. While Lumina argues that these documents may be the proper subject of judicial notice, the Court disagrees. Moreover, the documents all relate to the September 2013 purchase of CELLFOOD. Since the Court has determined that TRC has plead injury-in-fact regardless of the propriety of the September 2013 purchase, it is unnecessary to take judicial notice at this time.

1  $700,000 worth of CELLFOOD from Lumina between January 2007 and September
2  2013. (Compl. ¶ 106.) The Complaint also alleges that Lumina is the domestic
3  distributor of NuScience products and NuScience is the maker of CELLFOOD.
4  (Compl. ¶¶ 26, 63.) TRC then alleges that it relied on misrepresentations attributable
5  to both NuScience and Lumina to make those purchases, leaving TRC with unsold
6  product and subjecting TRC to potential liability for product already sold. (Compl.
7  ¶¶ 104–112.) TRC also alleges damage to its reputation caused by NuScience and
8  Lumina's misrepresentations. (Compl. ¶ 139.) This goes beyond what is necessary to
9  meet the injury-in-fact requirements of Article III standing. *Lujan v. Defenders of*
10 *Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations
11 of injury resulting from the defendant's conduct may suffice . . . .").

### 2. TRC's Claims Are Not Barred by the FDCA

Next, NuScience and Lumina argue that the Complaint should be dismissed because TRC's claims are just a veiled attempt to enforce the FDCA, 21 U.S.C. §§ 301–399, for which there is no private right of action. (NuScience Mot. 14–18; Lumina Mot. 9–11.) NuScience and Lumina focus on specific allegations in the Complaint that reference violations of the FDCA and a Food and Drug Administration ("FDA") Warning Letter sent to Lumina. (*E.g.*, Compl. ¶¶ 81–84.) The thrust of their argument is that TRC's claims essentially seek redress for FDCA violations; however, the right to enforce provisions of the FDCA lies exclusively with the FDA and Department of Justice. (NuScience Mot. 14–18; Lumina Mot. 9–11.) Nevertheless, the Court finds that NuScience and Lumina's arguments once again require a premature evaluation of TRC's factual allegations.

It is true that the FDCA does not create a private right of action. 21 U.S.C. § 337(a) ("[A]ll such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States."). Moreover, courts have barred suits for attempting to enforce the FDCA under the guise of other claims. *E.g.*, *POM Wonderful, LLC v. Coca-Cola Co.*, 679 F.3d 1170, 1176–77 (9th Cir. 2012)

(barring Lanham Act claim because it interfered with the FDA's judgment on non-deceptive juice labeling); *Summit Tech., Inc. v. High-Line Med. Instruments Co.*, 922 F. Supp. 299, 306–07 (C.D. Cal. Feb. 28, 1996) (dismissing Lanham Act claim because it required the court, instead of the FDA, to determine whether laser eye surgery device should be approved under the FDCA). However, most of the cases prohibiting suits for trying to enforce the FDCA arose under the Lanham Act, whereas the claims in the present case have a basis in common-law fraud. The Court finds this distinction significant in deciding the present Motions to Dismiss. *C.f. Gustavson v. Wrigley Sales Co. et al.*, No. 12-cv.-01861-LHK, 2013 WL 5201190, at *9 (N.D. Cal. Sept. 16, 2013) (distinguishing state law claims from Lanham Act claims with respect to the FDCA ban on private enforcement actions).

In *POM Wonderful*, a Lanham Act case, the plaintiff argued that the labeling of a competitor's juice product was misleading to consumers. *POM Wonderful*, 679 F.3d at 1174. The Ninth Circuit held that the plaintiff's claims under the Lanham Act were barred because a determination of the merits would require the court to interpret the labeling requirements of the FDCA, which Congress intended to leave up to the FDA alone. *Id.* at 1176–77. Here, the Complaint is based on affirmative misrepresentations that TRC alleges were made by NuScience and Lumina over the course of their business relationship. (*E.g.*, Compl. ¶¶ 81–93, 104–112.) While the misrepresentations are related to alleged violations of the FDCA and other federal regulations, the alleged fraudulent conduct is not the violations themselves but in what NuScience and Lumina allegedly told or failed to tell TRC. (*Id.*) In addition, it is not clear from a reading of the Complaint or the Motions to Dismiss that every alleged misrepresentation falls within the FDA's exclusive purview. *See Morley*, 175 F.3d at 759. Therefore, the Court cannot dismiss TRC's claims based on a conflict with the FDCA at this time. Nevertheless, the Court acknowledges that to the extent that TRC's claims seek enforcement of the FDCA, the Court may revisit the issue in the future.

### 3. The UCL and FAL Claims Do Not Seek Extraterritorial Application of California Law

The final issue with regard to standing is Lumina's argument that TRC's UCL and FAL claims under California law cannot be extraterritorially applied to Lumina. (Lumina Mot. 18–20.) The Complaint alleges that TRC is a Nevada corporation with its principal place of business in Ohio. (Compl. ¶ 9.) Lumina is incorporated and headquartered in Florida. (*Id.* ¶ 11.) Lumina states that the subject of the lawsuit is a commercial transaction that took place between Lumina and TRC outside of California, and therefore TRC's state law claims against Lumina are barred. (Lumina Mot. 19–20.) The extraterritoriality argument applies only to Lumina since NuScience is a California corporation with its principal place of business in California. (Compl. ¶ 10.) Yet, it is the existence of Lumina's co-defendant that is fatal to the extraterritoriality claim.

The default presumption is that the California legislature did not intend for its statutes to have force or operation beyond the state's boundaries. *Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222 (Ct. App. 1999). Nevertheless, "state statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California." *Tidenberg v. Bidz.com, Inc.*, No. 08-cv-5553-PSG, 2009 WL 605249, at *4 (C.D. Cal. Mar. 4, 2009); *U.S. Bank Nat'l Assoc., Inc. v. PHL Variable Ins. Co.*, No. 11-cv-9517-ODW, 2012 WL 1525012, at *5 (C.D. Cal. Apr. 26, 2012). In making the determination of whether to give a state statute extraterritorial effect, the "critical issues . . . are whether the injury occurred in California and whether the conduct of the defendant occurred in California. If neither of these questions can be answered in the affirmative, then plaintiff will be unable to avail [itself] of these laws." *Tidenberg*, 2009 WL 605249, at *4; *U.S. Bank Nat'l Assoc.*, 2012 WL 1525012, at *5.

As TRC points out in its Opposition to Lumina's Motion, the alleged fraudulent conduct occurred in California. The Complaint is not based solely on a commercial

transaction outside of California, but is instead based on material misrepresentations originating in California with NuScience, traveling through Florida, and ending up in Ohio with TRC. (Opp'n to Lumina Mot. 18:12–14.) CELLFOOD is allegedly manufactured in California by NuScience. (Compl. ¶¶ 5, 10, 123.) Moreover, the ingredients of CELLFOOD and what was communicated about the ingredients are at issue in this case. (*Id.* ¶¶ 19, 26, 29–44, 70, 71–80.) While Lumina may be incorporated and headquartered in Florida, its relationship to NuScience is clearly alleged in the Complaint. (*Id.* ¶¶ 11, 13, 19, 63–69.) Accepting the allegations in the Complaint as true, the Court finds that the relationship between Lumina and NuScience gives rise to a reasonable inference that Lumina had some role in the alleged conduct that occurred in California. *See Tidenberg*, 2009 WL 605249, at 4; *U.S. Bank Nat'l Assoc.*, 2012 WL 1525012, at *5–6. Therefore, the Court finds that extraterritoriality does not bar the UCL and FAL claims against Lumina.

**C.     The Complaint Meets the Heightened Pleading Standard of Rule 9(b)**

NuScience and Lumina also argue that TRC's claims, all based in fraud, should be dismissed for failure to meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b). NuScience and Lumina contend that the allegations are conclusory and do not state with particularity the time, place, and content of the alleged false representations. (NuScience Mot. 19–20; Lumina Mot. 11–13.) They also argue that the Complaint does not distinguish between defendants in alleging fraudulent conduct. (NuScience Mot. 20–21.) In opposition, TRC argues that NuScience and Lumina's contentions are based on a selective reading of the Complaint. (Opp'n to NuScience Mot. 12–14.)

The Court agrees with TRC and finds that the Complaint meets the heightened pleading standard of Federal Rule of Civil Procedure 9(b). While NuScience and Lumina identify a handful of paragraphs in the Complaint that they argue fail to meet the particularity requirements, there are ample allegations in the 34-page Complaint that identify the time, place, and specific content of the alleged false representations.

*See Swartz*, 476 F.3d at 764. TRC alleges that it purchased CELLFOOD from Lumina between January 2007 and September 2013. (Compl. ¶ 106.) Over the course of that business relationship, TRC alleges that it relied on labels, marketing and promotional materials, as well as the websites of Lumina and NuScience to purchase CELLFOOD and sell it on the retail market. (*Id.* ¶¶ 26, 85–93, 107, 114.) The Court finds that these allegations put NuScience and Lumina on notice as to when, where, and how the allegedly fraudulent conduct occurred. As to the content of the alleged false representations, the Complaint is full of specific allegations regarding the actual ingredients of CELLFOOD, the product's efficacy, and compliance with federal law. (*E.g.*, Compl. ¶¶ 26, 29–44, 81–93.) The detail apparently desired by NuScience and Lumina would essentially require TRC to prove its entire case in the Complaint, including details of each party's state of mind, before discovery has even begun. The Court simply cannot require such a high standard. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

In addition, the Complaint adequately distinguishes between the defendants with regard to the allegedly fraudulent conduct. *Swartz*, 476 F.3d at 765 ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . ."). For example, the Complaint goes into considerable detail regarding the content of NuScience's website and then separately alleges that Lumina's website contains similar content. (Compl. ¶¶ 69, 89–93.) Moreover, NuScience and Lumina's roles in the business relationship with TRC are clearly laid out. NuScience develops and manufactures CELLFOOD, while Lumina is the exclusive domestic distributor of the product. (*Id.* ¶¶ 10–11, 17, 24, 63.) The Court finds these allegations sufficient to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b).[5]

---

[5] NuScience and Lumina also argue that each claim fails under Federal Rule of Civil Procedure 12(b)(6) because the elements of each claim are not adequately plead. All of the arguments in this vein appear to be based on the belief that the Complaint contains only conclusory allegations. Since

### D. The Complaint Adequately Pleads All the Elements of a RICO Claim

The Complaint alleges a violation of RICO under 18 U.S.C. § 1962(c). (Compl. ¶¶ 146, 153.) To adequately plead a claim under this section, the Complaint must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). NuScience and Lumina contend that the Complaint fails to plead a RICO "enterprise" and is lacking allegations of a "pattern of racketeering activity" based in mail and wire fraud. (Lumina Mot. 22–25.) In addition, they also argue that the civil RICO claim should be dismissed based on the FDCA's bar on private enforcement actions. (NuScience Mot. 18; Lumina Mot. 21–22.) Since the Court has already addressed the arguments regarding the FDCA in Part IV-B, the Court now turns its attention to whether the Complaint adequately alleges a RICO "enterprise" and "pattern of racketeering activity."

#### 1. The Complaint Alleges a Valid RICO "Enterprise"

The thrust of NuScience and Lumina's argument with respect to the RICO "enterprise" is that the Complaint fails to plead an "enterprise" distinct from the RICO "person." (Lumina Mot. 23:25–26.) The Court finds this argument premised on a misunderstanding of the Complaint, the RICO statute, and cited case law.

The portion of the RICO statute applicable to the Complaint in this case reads as follows:

> It shall be unlawful for any *person* employed by or associated with any *enterprise* engaged in, or activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such *enterprise's* affairs through a pattern of racketeering activity or unlawful debt.

---

the Court finds that the Complaint meets the heightened pleading standard under Rule 9(b), and therefore contains more than just conclusory allegations, the Court finds it unnecessary to delve into each and every element of the four claims.

18 U.S.C. § 1962(c) (emphasis added).  A RICO "person" includes "any individual or entity capable of holding a legal or beneficial interest in property."  18 U.S.C. § 1961(3).  A RICO "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, *and any union or group of individuals associated in fact* although not a legal entity."  18 U.S.C. § 1961(4) (emphasis added).  Here, a plain reading of the statute makes clear that both NuScience and Lumina can qualify as RICO "persons."   The Complaint alleges that NuScience and Lumina are each corporations and thus entities capable of holding an interest in property.  (Compl. ¶¶ 10–11.)  As to the "enterprise," the Complaint alleges that NuScience and Lumina together make up an "associated in fact enterprise."  (*Id.* ¶ 144.)

While NuScience and Lumina focus their moving papers on whether or not the Complaint distinguishes the RICO "enterprise" from the RICO "persons," a threshold issue is whether the Complaint alleges facts to support the existence of an associated-in-fact enterprise.  To prove an associated-in-fact enterprise, there must be evidence of a formal or informal "ongoing organization" and "evidence that various associates function as a continuing unit."  *Odom v. Microsoft Corp.*, 486 F.3d 541, 552-553 (9th Cir. 2007).  There must also be evidence of a common purpose.  *Id*.  An associated-in-fact enterprise, however, need not have a structure beyond that necessary to carry out its pattern of illegal racketeering activity.  *Id.* at 551.  Here, the Complaint alleges that NuScience and Lumina have been working together since at least 2006 to misrepresent CELLFOOD on the market.  (Compl. ¶¶ 63–69;152)  Moreover, TRC alleges that Lumina's participation in the enterprise is with the distribution of CELLFOOD in North America, while NuScience's participation lies with the development and manufacture of CELLFOOD.  (*Id.* ¶¶ 63–69.)  TRC also alleges that both NuScience and Lumina participate in misleading customers about the product's ingredients and efficacy through claims made in promotional materials and on their websites.  (*Id.* ¶ 114.)  The common purpose is the sale of CELLFOOD by misrepresentation.  (*Id.* ¶ 144.)  The business relationship between NuScience and

1  Lumina, as manufacturer and distributor, suggests an ongoing organization where
2  various associates function as a continuing unit. (Compl. ¶ 144.) Therefore, the
3  Complaint's allegations support an associated in fact enterprise.
4       Turning now to the focus of NuScience and Lumina's argument, they are
5  correct in asserting that RICO requires the "person" and "enterprise" to be distinct, but
6  the distinction is not as complex as they believe. *See Cedric Kushner Promotions,*
7  *Ltd. v. King*, 533 U.S. 158, 163 (2001) (holding that RICO "person" and "enterprise"
8  must be distinct, but that the president and sole shareholder of a corporation and the
9  corporation itself meet the distinction). In the instant case, the Complaint draws the
10 requisite distinction. It is the association of NuScience and Lumina to sell
11 CELLFOOD that forms the enterprise; and this association is distinct from their
12 individual corporate existences. (Compl. ¶¶ 10–11, 144); *In re Nat'l W. Life Ins.*
13 *Deferred Annuities Litig.*, 467 F. Supp. 2d 1071, 1085 (S.D. Cal. Dec. 7, 2006)
14 (holding that individual business entities are RICO "persons" and their association for
15 the purpose of defrauding senior citizens constitutes a valid RICO "enterprise").
16 Accordingly, the Court finds that the Complaint distinguishes between the "persons"
17 and the "enterprise" under RICO.

18     **2.**    **The Complaint Alleges a Pattern of Racketeering Activity**

19      NuScience and Lumina also contend that TRC has failed to plead a "pattern of
20 racketeering activity" under RICO. (Lumina Mot. 24:16–17.) This argument
21 essentially rests on the fraud pleading standard under Federal Rule of Civil Procedure
22 9(b). (Lumina Mot. 24–25.) While the Court has already addressed the sufficiency of
23 the overall fraud allegations, the fraud alleged under civil RICO is different because it
24 is not common-law fraud being alleged, but rather mail and wire fraud under 18
25 U.S.C. §§ 1341, 1342.
26      To allege a violation of the mail fraud statute, TRC must show that NuScience
27 and Lumina (1) formed a scheme or artifice to defraud; (2) used the mails or caused a
28 use of the mails in furtherance of the scheme; and (3) did so with specific intent to

1  deceive or defraud.  *Schreiber Dist. Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1399–1400 (9th Cir.1986).  As to the wire fraud allegation, TRC must show (1) the formation of a scheme or artifice to defraud, (2) use of the U.S. wires in furtherance of the scheme, and (3) specific intent to deceive or defraud.  *Id.* at 1400.  The scheme or artifice to defraud has already been discussed with respect to Rule 9(b) in Part IV-C.  Moreover, pleading specific intent does not require particularity.  Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").  Therefore, the only issue remaining is whether the use of the mails or wires to further the fraud is alleged with the requisite specificity.

The Complaint fails to state an exact time or place of alleged mailings and telephone calls between TRC, Lumina, and NuScience; instead, it arguably makes only conclusory allegations with respect to the use of mail and telephones.  (Compl. ¶¶ 145, 147–148; 150–151.)  Nonetheless, the Complaint provides strong support, implicit in the pleadings, that communications between all three named parties took place via mail and telephone, especially since all of the parties operate in different states.  *See In re Nat'l W.*, 467 F. Supp. 2d at 1083.  The Court finds that, while this is a close call with respect to meeting the fraud pleading standard, "further details as to the particular mailings or interstate wire communications can be dealt with in discovery and later evidentiary proceedings."  *Id.*  Moreover, the Court is satisfied with the level of particularity with respect to TRC's overall fraud allegations and finds that dismissal of the Civil RICO claim on a relatively minor issue, which is likely to be easily cured, is not in the interest of moving this litigation forward.  *Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").  Consequently, the Court finds that the Complaint adequately pleads a pattern of racketeering activity.

/ / /

## V. CONCLUSION

For the reasons discussed above, NuScience and Lumina's Motions to Dismiss are **DENIED**. (ECF Nos. 28, 30.)

**IT IS SO ORDERED.**

November 18, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**