1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRC & ASSOCIATES,<br><br>    Plaintiff/Counterdefendant,<br><br>    v.<br><br>NUSCIENCE CORPORATION; LUMINA HEALTH PRODUCTS, INC., and DOES 1-20, inclusive<br><br>    Defendants/Counterclaimants. | Case No. 2:13-cv-6903-ODW(CWx)<br><br>**OSC RE. SUBJECT-MATTER AND SUPPLEMENTAL JURISDICTION OVER COUNTERCLAIMS AND THIRD PARTY COMPLAINTS** |
| NUSCIENCE CORPORATION,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>JOHN CLARK; DAVID MCKINNEY; and STEPHEN E. ABRAHAM<br><br>    Third-Party Defendants . | |
| LUMINA HEALTH PRODUCTS, INC.,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>JOHN CLARK<br><br>    Third-Party Defendants. | |

The Court is now in receipt of the following new pleadings in this action: (1) NuScience Corporation's Amended Answer to Complaint and Counterclaims (ECF No. 70)[1]; (2) NuScience's Third-Party Complaint (ECF No. 71); (3) Lumina Health Products, Inc.'s Amended Answer With Counterclaim (ECF No. 73.); and (4) Lumina's Third-Party Complaint (ECF No. 74). These new pleadings have raised a red flag for the Court due to this case's already lengthy history. The Court's immediate concern is a jurisdictional one.

The Court has subject-matter jurisdiction over the original Complaint in this action based on federal-question jurisdiction under 28 U.S.C. § 1331. The Counterclaims and Third Party Complaints listed above allege that this Court has supplemental jurisdiction over the new claims under 28 U.S.C. § 1367(a). However, the Court is not so certain that these new claims "form part of the same case or controversy." 28 U.S.C. § 1367(a).

Moreover, with respect to the Third-Party Complaints, the Court directs the parties' attention to Federal Rule of Civil Procedure 14(a). "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). It is not sufficient that a third-party claim is related or arises out of the same set of facts. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." *Id.*; *see also American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). At first glance, the Third-Party Complaints filed in this action do not appear to comply with Rule 14(a). If the impleader is improper

/ / /

---

[1] While the Court has stricken this document for NuScience's failure to comply with Local Rule 3-2, requiring initiating documents to be manually filed, the Court fully expects NuScience to correct this deficiency in short notice. (ECF No. 78.) Therefore, this Order to Show Cause shall apply to the Amended Answer and Counterclaims filed by NuScience at that time.

against the third-party defendants in this case, then the Court cannot exercise supplemental jurisdiction over the claims.

Based on the foregoing, the Court hereby **ORDERS** NuScience and Lumina to **SHOW CAUSE**, in writing, no later than **December 27, 2013**, why the Counterclaims and Third-Party Complaints should not be dismissed for lack of jurisdiction. No hearing shall be held. To discharge this Order to Show Cause, NuScience and Lumina should identify the law allowing this Court to exercise supplemental jurisdiction. NuScience and Lumina should also identify the specific paragraphs in the Counterclaims and lengthy Third-Party Complaints that demonstrate that the new claims arise from the same case or controversy as the original Complaint. In addition, with respect to the Third-Party Complaints, NuScience and Lumina should identify the specific paragraphs that allege that the third-party defendants are or may be liable to NuScience and Lumina as a result of TRC's claims.

Finally, the Court is also in receipt of a letter from Stephen Abraham, who is counsel for Plaintiff TRC & Associates and now a third-party defendant. (ECF No. 79.) This letter, pursuant to this Court's Minute Order on November 11, 2013 (ECF No. 62), seeks leave to file Motions to Dismiss with respect to the Counterclaims and Third-Party Complaints. The Court grants leave to file Motions to Dismiss, if or when this Order to Show Cause is discharged.

**IT IS SO ORDERED.**

December 19, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**