O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRC & ASSOCIATES,<br><br>    Plaintiff/Counterdefendant,<br><br>    v.<br><br>NUSCIENCE CORPORATION; LUMINA HEALTH PRODUCTS, INC., and DOES 1-20, inclusive<br><br>    Defendants/Counterclaimants.<br><br>NUSCIENCE CORPORATION,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>JOHN CLARK; DAVID MCKINNEY; and STEPHEN E. ABRAHAM<br><br>    Third-Party Defendants. | Case No. 2:13-cv-6903-ODW(CWx)<br><br>**ORDER DISMISSING NUSCIENCE'S THIRD-PARTY COMPLAINT [71] AND DISCHARGING ORDER TO SHOW CAUSE RE NUSCIENCE'S COUNTERCLAIMS [81]** |

## I.  INTRODUCTION

On December 19, 2013, the Court ordered Defendants NuScience Corporation ("NuScience") and Lumina Health Products, Inc. ("Lumina") to show cause why the Counterclaims and Third-Party Complaints filed in this action should not be dismissed for lack of jurisdiction. (ECF No. 81.)  While Lumina agreed to voluntarily dismiss

its Third-Party Complaint in response to the Order (ECF Nos. 82, 85.), NuScience did not.  Instead, NuScience contends that its Third-Party Complaint is proper under Federal Rule of Civil Procedure 14, warranting the exercise of supplemental jurisdiction.  (ECF No. 83.)  The Court disagrees.  NuScience's Third-Party Complaint contains claims against three Third-Party Defendants, including counsel for Plaintiff TRC & Associates ("TRC").  For the reasons discussed below, the Court **DISMISSES** the Third-Party Complaint **WITHOUT LEAVE TO AMEND**.  (ECF No. 71.)  As to NuScience's Counterclaims, the Court hereby **DISCHARGES** the Order to Show Cause.  (ECF No. 81.)  The Counterclaims are now subject to regular motion practice.

## II.   FACTUAL BACKGROUND

The original Complaint in this action was filed by TRC on September 18, 2013.  (ECF No. 1.)  The Complaint asserts the following four claims against NuScience and Lumina: (1) fraud; (2) violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200; (3) violation of California's False Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17500; and (4) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961.  TRC is a retailer of nutritional supplements.  (Compl. ¶ 17.)  NuScience develops and manufactures a supplement known as CELLFOOD, and Lumina is the domestic distributor of the product.  (*Id*. ¶¶ 26, 63.)  TRC's claims are based on alleged misrepresentations by NuScience and Lumina regarding CELLFOOD's ingredients, safety, and effects.  Specifically, the Complaint alleges that NuScience and Lumina actively concealed a key ingredient in CELLFOOD that poses a "severe health hazard" and misrepresented compliance with federal regulations.  (*Id*. ¶¶ 49–62.)

While this case is still at the pleadings stage, the Court has already had the opportunity to rule on several matters.  The Court has denied multiple applications to place filings under seal, including an attempt by NuScience to have the entire Complaint sealed.  (ECF Nos. 18, 21, 33, 60.)  The Court has also denied two Motions

to Disqualify Plaintiff's Counsel Stephen Abraham filed by NuScience and Lumina. (ECF No. 63.) Two Motions to Dismiss were denied as well. (ECF No. 64.)

On December 2, 2013, NuScience answered TRC's Complaint. (ECF No. 66.) An Amended Answer was filed on December 18, 2013, adding counterclaims against TRC that include misappropriation of trade secrets and unfair business practices. (ECF No. 80.) Along with the Amended Answer and Counterclaims, NuScience also filed a Third-Party Complaint against David McKinney, Stephen Abraham, and John Clark. (ECF No. 71.) McKinney is a former employee of NuScience. Abraham is TRC's counsel in this action. Clark is allegedly the controlling shareholder of TRC. The Third-Party Complaint asserts eight claims including breach of contract, fraud, misappropriation of trade secrets, aiding and abetting, interference with contractual relations, and unfair business practices. All of the claims do not necessarily apply to every Third-Party Defendant. Lumina also filed counterclaims against TRC and a Third-Party Complaint against Clark. (ECF Nos. 73, 74.)

On December 19, 2013, the Court issued an Order to Show Cause regarding the Counterclaims and Third-Party Complaints filed by NuScience and Lumina. (ECF No. 81.) Of particular concern to the Court was whether Federal Rule of Civil Procedure 14 permitted the impleader of the parties named in the Third-Party Complaints. The Court also expressed concern over the exercise of supplemental jurisdiction, since none of the new claims are based on federal law. Lumina filed a response to the Order on December 23, 2013, stating that it would voluntarily dismiss its Third-Party Complaint.[1] (ECF No. 82, Ex. A.) Based on this representation, the Court discharged the Order to Show Cause as to Lumina, leaving Lumina's Counterclaims subject to regular motion practice. (ECF No. 84.) On December 27, 2013, NuScience filed a response to the Order. (ECF No. 83.) Unlike Lumina,

///

---

[1] Lumina filed a Notice of Dismissal on January 6, 2014, generating the dismissal of Lumina's Third-Party Complaint against Clark. (ECF No. 85.)

NuScience maintains that its Third-Party Complaint is proper under the Federal Rules of Civil Procedure.

## III. LEGAL STANDARD

Third-party practice is governed by Federal Rule of Civil Procedure 14. "A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). It is not sufficient that a third-party claim is related or arises out of the same set of facts. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983), *cert. denied*, 464 U.S. 1071 (1984). "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim *and* the third party's liability is secondary or derivative." *Id.* (emphasis added); *see also Stewart v. American Intern. Oil & Gas Co.*, 845 F.2d 196, 199–200 (9th Cir. 1988); *Krainski v. Mill*, 356 Fed. Appx. 951, 952 (9th Cir. 2009). The decision to permit the impleader of a third-party defendant rests within the sound discretion of the trial court. *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986); *see also* Fed. R. Civ. P. 14 advisory committee notes.

## IV. DISCUSSION

NuScience's Third-Party Complaint contains claims against three Third-Party Defendants—David McKinney, Stephen Abraham, and John Clark. NuScience raises distinct arguments in support of impleader for each of these Third-Party Defendants. Accordingly, the Court addresses each in turn.

**A.   David McKinney**

NuScience's claims against David McKinney are premised on his former employment at NuScience as head of its sales department. (NuScience Compl. ¶ 47.) According to NuScience, McKinney has a contractual duty not to disclose certain information that he obtained during his employment. (*Id.* ¶¶ 48–54.) But NuScience alleges that McKinney breached that duty by aiding in TRC's current litigation against NuScience. (*E.g.*, *id.* ¶¶ 102–103.) McKinney is allegedly the source of certain

4

information contained in TRC's Complaint and has also submitted declarations in support of TRC's responses to motions in this action. (*Id.*) NuScience alleges that McKinney's contract provides for indemnification in the event that a breach results in any claims, costs, or attorneys' fees for NuScience. (*Id.* ¶ 54.) Since indemnification is available, NuScience argues that impleader is proper against McKinney under Federal Rule of Civil Procedure 14. NuScience also contends that any additional claims,[2] not arising under the alleged breach of contract, are properly joined under Federal Rule of Civil Procedure 18(a).

The problem with NuScience's arguments in support of the third-party claims against McKinney is that the connection between McKinney's alleged breach of contract and TRC's claims is ancillary at best. McKinney's alleged role is essentially that of a whistleblower. McKinney may be supplying information to TRC, and that information may be in breach of an employment agreement with NuScience; however, McKinney's employment agreement is in no way central to the disposition of TRC's claims against NuScience. The fact that McKinney may have breached an employment agreement with NuScience does not make NuScience any less liable for the alleged fraudulent conduct against TRC. NuScience's claims against McKinney are not dependent on the outcome of the main claims asserted by TRC. McKinney could be found liable for breach of contract, or any of the other claims in the Third-Party Complaint, regardless of the outcome of TRC's claims. *See One 1977 Mercedes Benz*, 708 F.2d at 452 (requiring that third-party claims be in some way dependent on the outcome of the main claims).

Moreover, the policy behind impleader—judicial efficiency—actually works against NuScience here. *See Sw. Adm'rs*, 791 F.2d at 777 (citing judicial efficiency as the purpose for Federal Rule of Civil Procedure 14). Delving into the terms of McKinney's employment agreement in this case would send the Court and this

---

[2] The Third-Party Complaint asserts the following claims for relief against McKinney: breach of contract, fraud, misappropriation of trade secrets (two counts), aiding and abetting, and indemnity.

1  litigation down a rabbit hole and result in undue delay and prejudice to the ongoing
2  proceedings. *Cf. Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 393 (1st Cir.
3  1999) (allowing impleader of joint tortfeasors because it would not cause undue delay
4  or prejudice the ongoing proceedings). Therefore, the Court **DISMISSES**
5  NuScience's third-party claims against McKinney.

### B.  Stephen Abraham

NuScience asserts one claim against Stephen Abraham for intentional interference with contractual relations. Abraham is counsel for TRC in this action and has also represented McKinney in the past. NuScience's claim against Abraham is closely related to its claims against McKinney. According to NuScience, Abraham has encouraged McKinney to breach his employment agreement with NuScience in order to further TRC's lawsuit. (*E.g.*, NuScience Compl. ¶¶ 102–03.) NuScience argues that impleader is proper with respect to Abraham because his alleged conduct is "intimately connected with TRC's allegations" and "his liability is dependent on the outcome of TRC's Complaint." (ECF No. 83 at 12:5–7.) NuScience then boldly asserts—without any legal support—that Abraham is derivatively liable for any damages NuScience may incur as a result of TRC's claims. (*Id.* at 12:7–15.)

The Court has déjà vu with respect to NuScience's arguments in support of the third-party claims against Abraham. The Court denied NuScience's Motion to Disqualify Abraham less than two months ago. (ECF No. 63.) Now, it appears that NuScience is trying to circumvent the Court's Order by bringing Abraham into the suit as a party. The Court is unwilling to play NuScience's game. The allegations against Abraham in the Third-Party Complaint are almost identical to the arguments that this Court rejected in denying the Motion to Disqualify. The Court will not revisit those issues in a Third-Party Complaint after finding them irrelevant to TRC's claims in the Motion to Disqualify. (*See id.* at 6–7.) Notwithstanding the Motion to Disqualify, the Court also finds that the claim against Abraham turns on the disposition of claims against McKinney, not TRC. The claim against Abraham is

premised on the alleged employment agreement with McKinney. Since the Court has already rejected the claims against McKinney as being outside the purview of impleader in this case, so too follows the claim against Abraham. Thus, the Court **DISMISSES** NuScience's third-party claim against Abraham.

### C. John Clark

NuScience's third-party claims against John Clark are for misappropriation of trade secrets, aiding and abetting, and unfair business practices. Clark is allegedly an officer and controlling shareholder of TRC and, in NuScience's own words, "his actions are indistinguishable from that of the company." (ECF No. 83 at 13:17–19.) According to NuScience, the third-party claims against Clark are proper under Federal Rule of Civil Procedure 14 because his allegedly fraudulent conduct is behind TRC's lawsuit. (*See id.* at 2:26–3:3.) NuScience argues that this conduct makes Clark "liable to NuScience for any damages it sustains in this suit." (*Id.* at 3:3–4.)

The Court cannot comprehend NuScience's logic with respect to the claims against Clark. NuScience appears to be arguing that Clark is derivatively liable to NuScience for TRC's claims, yet NuScience admits that Clark's actions are "indistinguishable" from TRC's actions. If TRC's lawsuit is found to be premised on fraudulent conduct, then TRC's claims would fail, and NuScience would not be liable. If TRC's claims succeed, then they were not premised on fraudulent conduct by Clark, whose actions are "indistinguishable" from TRC's actions. There is no scenario that the Court can dream up under which NuScience could be found liable for TRC's claims and Clark derivatively liable to NuScience for the damages that result. It makes no sense. Under NuScience's theory, TRC would be paying its own damages if NuScience was found liable.

Since a third-party defendant's liability must be secondary or derivative, the Court **DISMISSES** the third-party claims against Clark. *One 1977 Mercedes Benz*, 708 F.2d at 452. The Court notes that there is nothing to stop NuScience from suing Clark, or anyone else associated with TRC, at a later time to recover damages incurred

in the event TRC's claims fail as a result of fraudulent conduct.  Moreover, if Clark's conduct really is "indistinguishable" from that of TRC, then the counterclaims that have been filed against TRC are the proper means of seeking relief.

## V.   CONCLUSION

For the reasons discussed above, the Court **DISMISSES** NuScience's Third-Party Complaint **WITHOUT LEAVE TO AMEND**.  (ECF No. 71.)  The Court also **DISCHARGES** the Order Show Cause against NuScience as it relates to the Counterclaims against TRC.  (ECF No. 81.)

**IT IS SO ORDERED.**

January 13, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

8